**Original filed 5/5/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARPRUBERTITO BONTILAO, | No. C 03-2362 JF |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| DAVID L. RUNNELS, Warden | |
| Respondent. | |

**INTRODUCTION**

Petitioner, a pro se state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In its April 20, 2004 order to show cause, this Court found that the petition raised two cognizable claims: (1) Petitioner's guilty plea was involuntary, denying him his right to due process under the Fourteenth Amendment; and (2) Petitioner received ineffective assistance of counsel because his trial attorney failed to use the services of an interpreter to explain the elements of second degree murder. The Court dismissed Petitioner's third claim because it alleged only state law error and was not cognizable under § 2254. Respondent filed an answer addressing the merits. Petitioner did not file a traverse. Upon review of the merits of the petition, the Court concludes that Petitioner is not entitled to relief on the claims presented and will deny the petition.

**FACTUAL BACKGROUND**

The California Court of Appeal found the relevant facts to be as follows:

> On November 8, 1997, defendant's four-month-old son Paul was taken to the hospital where he was pronounced dead. The coroner's report concluded that Paul died from a depressed fracture to the left region of the skull and a massive sub-dural hemorrhage. According to the medical examiner, who performed the autopsy on Paul, it was highly unlikely that the injuries were caused by a fall onto a flat surface due to the nature of the fracture. The medical examiner concluded that Paul's head was stationary when he received the injury and he was most likely struck on his head by a hard object.
>
> Defendant gave the police conflicting versions of how Paul was injured. He eventually apologized to his wife for killing their son. Defendant told the probation officer that "it was an accident and [he] accept[ed] punishment."
>
> Counsel represented the defendant at the plea hearing. The following colloquy occurred:
>
> THE COURT: You have been represented by Mr. Mandel throughout these proceedings, you've had enough time to spend with him going over possible defenses and the elements of this offense, are you satisfied with his representation? [¶]
>
> THE DEFENDANT: Yes, your honor.
>
> Defendant pled guilty to second degree murder (Cal. Penal Code § 187). Defendant did not seek to withdraw his plea at the sentencing hearing.

Respondent's Exhibit A (Unpublished Opinion of the California Court of Appeal, Sixth Appellate District, People v. Bontilao, H020362, and In Re Bontilao, H021875, Nov. 3, 2000) at 2-3.

The trial court sentenced Petitioner to fifteen years-to-life in state prison. Id. at 1. The Court of Appeal affirmed the judgment of the trial court, but issued an order to show cause why a writ of habeas corpus should not be granted on the ground that the trial court failed to advise Petitioner correctly as to the immigration consequences of his plea. Ex. A at 9. On February 21, 2001, the California Supreme Court denied Petitioner's petition for review. On July 27, 2001, the superior court conducted an evidentiary hearing and denied the habeas petition. Respondent's Exhibit B (Reporter's Transcript of Superior Court Evidentiary Hearing on Petition for Writ of Habeas Corpus, People v. Bontilao, Santa Clara Superior Court, No. 206077) at 15. On April 15, 2002, the Sixth District Court of Appeal summarily denied the petition for writ of habeas corpus. The California Supreme Court summarily denied the petition for writ of habeas

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.03\Bontilao362den         2

corpus on March 26, 2003.  Petitioner filed the instant federal action on May 20, 2003.

## DISCUSSION

**A. Standard of Review**

This Court will entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000).  "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.  The "objectively unreasonable" standard does not equate to "clear error" because "[t]hese two standards . . . are not the same.  The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citation omitted).  The court must presume correct

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.03\Bontilao362den           3

any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**B. Petitioner's Claims**

    1. Guilty Plea

Petitioner first claims that his guilty plea was involuntary and thus violated his constitutional right to due process because he did not understand that second degree murder requires an intent to kill or implied malice (a life-endangering act taken with awareness of the danger to life). Petition at 7, Appendix A at 16-17 (citations omitted). The state appellate court found that Petitioner failed to establish that his plea was not knowing and intelligent. Ex. A at 4. The court recognized that there is no constitutional requirement that the trial court explain the elements of the offense before accepting a plea. The court relied in part on the Supreme Court's observation in Henderson v. Morgan, 426 U.S. 637, 647 (1976):

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.

Here, before entering his plea, Petitioner acknowledged that he had discussed the elements of the crime with his counsel, and expressed no confusion about the offense. Ex. A at 3-4.

A guilty plea, comprising the waiver of a defendant's right against self-incrimination and right to a jury trial, must be knowing and voluntary. Brady v. United States, 397 U.S. 742, 748 (1970). A habeas petitioner bears the burden of proving that his plea was not knowing and voluntary. Parke v. Raley, 506 U.S. 20, 31 (1992). As the Supreme Court noted in Blackledge v. Allison, 431 U.S. 63, 73-74 (1977):

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the fact of the record are wholly incredible.

In this case, Petitioner has not overcome the presumption that his plea was knowingly

and voluntarily made.  Parke, 506 U.S. at 31.  At his plea hearing, Petitioner indicated that he was entering his plea without any mental impairment, reservation, or coercion; that he understood the consequences of his plea; that he had spoken with his attorney about the elements of the offense and possible defenses; and that he waived his rights to remain silent, to a jury trial, cross-examination of State witnesses, and compulsory process for defense witnesses.  Respondent's Exhibit RT (Reporter's Transcript of Guilty Plea Hearing, People v. Bontilao, Santa Clara Superior Court, Case No. 206077, Apr. 30, 1999) at 4-7.  Petitioner fails to allege any facts related to specific conversations with counsel in which Petitioner failed to understand the content of the conversations.  At the evidentiary hearing in the state habeas proceedings, Petitioner's trial counsel testified that he explained the elements of the charged offense to Petitioner prior to the plea.[1]  Ex. B at 9.  Petitioner thus has failed to establish that the state appellate court's decision was contrary to, or an unreasonable application of federal law, nor that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1), (2).

2. Ineffective Assistance of Counsel

Petitioner next contends that he was denied his Sixth Amendment right to counsel because his trial attorney failed to use a Tagalog interpreter while explaining the elements of the second degree murder charge to him.  Petition at 8, Appendix A at 21-22.  Petitioner concedes that he "understand[s] and speak[s] English," but states that he is "more comfortable communicating in Tagalog," especially when "legal terms" are explained.  Respondent's Exhibit C (Petition for Writ of Habeas Corpus, filed in California Court of Appeal, In Re Bontilao, No. H021875, Aug. 28, 2000), attached Ex. A at 1.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, Petitioner must make two separate showings.  First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing

---

[1] The California Superior Court waived the attorney-client privilege for purposes of the evidentiary hearing.  Ex. B at 5.  See Cal. Evid. Code § 958 ("There is no privilege . . . as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship.").  See also People v. Tucker, 61 Cal.2d 828 (1964).

professional norms. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Petitioner fails to demonstrate that counsel's failure to provide a Tagalog interpreter during his conversations with counsel fell below an "objective standard of reasonableness." Strickland, 466 U.S. at 687-688. Petitioner's trial counsel indicated that Petitioner spoke English very well, and that there were "no serious problems" in his communications with Petitioner. Ex. B at 8. There are no indications in the record that Petitioner did not understand the conversations with his trial counsel, or that Petitioner requested and was denied the use of an interpreter by counsel during his communications with counsel. While he claims he did not understand the elements of the offense to which he pled guilty, Petitioner does not explain why he went forward and entered the guilty plea under these circumstances.

Petitioner's reliance on Chacon v. Wood, 36 F.3d 1459 (9th Cir. 1994) is misplaced. In Chacon, the defendant was grossly misinformed by an interpreter of the sentencing consequences of his plea when the interpreter translated defense counsel's explanations. Id. at 1461. As a result, the defendant pled guilty to an offense he believed would be punished by a three month jail term, but was sentenced to the maximum sentence of ten years in prison. Id. The Ninth Circuit found this misinformation to be prima facie evidence of ineffective assistance of counsel. Id. at 1464-65. Here, Petitioner does not claim that he received misinformation in his communications with his attorney. Rather, he alleges merely that he would have been "more comfortable communicating in Tagalog." Ex. C, attached Ex. A at 1.

Assuming arguendo that Petitioner has demonstrated counsel's deficient performance, Petitioner nonetheless fails to demonstrate any prejudice. See Strickland, 466 U.S. at 694. In addition to the murder charge, Petitioner was initially charged with Cal. Penal Code § 273ab,[2]

---

[2] "Any person who, having the care or custody of a child who is under eight years of age, assaults the child by means of force that to a reasonable person would be likely to produce great bodily injury, resulting in the child's death, shall be punished by imprisonment in the state prison

1  which carries a sentence of twenty-five years-to-life, and Cal. Penal Code § 273.5(a),[3] which
2  carries a maximum sentence of four years in state prison. As a result of Petitioner's guilty plea
3  to the second degree murder charge, the prosecutor agreed to dismiss all other charges. Ex. B at
4  6. Petitioner claims that he pled guilty "because [his] lawyer told [him] [he] would face a longer
5  sentence if [he] was convicted." Ex. C, attached Ex. A at 1. Petitioner has not demonstrated that
6  this advice was deficient, or resulted in any prejudice to him. Petitioner's after the fact
7  declaration that he "did not <u>really</u> understand what [he] was admitting" does not indicate a
8  complete lack of understanding of what he was admitting to in his plea. <u>Id.</u> (emphasis added).
9  Petitioner has not shown that "there is a reasonable probability that, but for counsel's
10 unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466
11 U.S. at 694.

12 In this respect as well, Petitioner fails to establish that the state appellate court's decision
13 was contrary to, or an unreasonable application of federal law, nor that it was based on an
14 unreasonable determination of the facts in light of the evidence presented in the state court
15 proceeding. 28 U.S.C. § 2254(d)(1), (2).

**CONCLUSION**

17 The Court concludes that Petitioner has failed to show any violation of his federal
18 constitutional rights in the underlying state criminal proceedings. Accordingly, the petition for
19 the writ of habeas corpus is denied. The Clerk shall enter judgment and close the file.

20 IT IS SO ORDERED.
21 DATED: 5/3/06

JEREMY FOGEL
United States District Judge

---

24 for 25 years to life. Nothing in this section shall be construed as affecting the applicability of
25 subdivision (a) of Section 187 or Section 189." Cal. Penal Code § 273ab.

26 [3] "Any person who willfully inflicts upon a person who is his or her spouse, former
27 spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be
28 punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both fine and imprisonment." Cal. Penal Code § 273.5(a).

1  A copy of this order was mailed to the following:

2

3  Arprubertito Bontilao
   P-41537
4  High Desert State Prison
   P.O. Box 3030
5  Susanville, CA  96130

6

7  Christopher W. Grove
   CA State Attorney General's Office
8  455 Golden Gate Avenue
   Suite 11000
9  San Francisco, CA  94102-7004

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.03\Bontilao362den            8